## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| CASEY T. FONTAINE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 04-239-P-H |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge failed to comply with 20 C.F.R. § 404.1527(d)(2) in evaluating the opinion of Stephen J. Kirsch, M.D., a treating physician. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD only through September 30, 2002, Finding 1, Record at 24; that he suffered from the severe impairments of disorders of the back, attention deficit hyperactivity disorder (ADHD) and a history of alcohol and drug abuse, *id*. at 14 & Finding 3, *id*. at 24; that his ADHD, when considered in

___

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on (*continued on next page*)

combination with his alcohol and drug use, equaled the criteria set forth in sections 12.02 and 12.09 of Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 4, *id*. at 24; that the plaintiff's statements concerning his impairments and their impact on his ability to work when clean and sober were not entirely credible, Finding 5, *id*.; that when abstinent from alcohol and drug abuse, the plaintiff retained the residual functional capacity to perform work at the medium exertional level of a simple, repetitive, routine nature that did not involve interaction with the public, required only occasional interaction with co-workers and allowed a break every two hours, Finding 6, *id*.; that he was unable to perform any of his past relevant work, Finding 8, *id*.; that, given his age (22, a "younger individual"), education (high school or equivalent), lack of transferable skills and residual functional capacity exclusive of limitations stemming from his drug and alcohol abuse, there existed in the national economy significant numbers of jobs which the plaintiff could perform, including flagger, janitor/cleaner, and parking lot attendant, *id*. at 20 & Findings 9-12, *id*.; and that the plaintiff's alcohol and drug abuse was a contributing factor material to the finding of disability, making him ineligible for benefits, Finding 13, *id*. at 25.  The Appeals Council declined to review the decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

June 2, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with (*continued on next page*)

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

On March 29, 1996 Congress enacted Pub. L. No. 104-121, eliminating drug or alcohol addiction as a basis for obtaining disability benefits.  *See* Historical and Statutory Notes to 42 U.S.C. §§ 423, 1382c; *Jones v. Apfel*, 997 F. Supp. 1085, 1093 (N.D. Ind. 1997).  Under the new provision, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

Applicable Social Security regulations provide that:

(1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(i)  If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

---

citations to relevant statutes, regulations, case authority and page references to the administrative record.

(ii)  If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b).  A claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability.  *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *accord Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

The plaintiff does not discuss his claim for SSD separately, but the medical evidence on which he relies is all dated before September 30, 2002, the date last insured for purposes of SSD.  Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 5) at 3-7.  My analysis therefore makes no distinction between SSD and SSI.  The plaintiff does not challenge the administrative law judge's conclusions with respect to alcohol and drug abuse.  Accordingly, it is only the administrative law judge's decision at Step 5, that "exclusive of the limitations stemming from his alcohol and drug abuse," Record at 24, there were three jobs that the plaintiff could perform.

The plaintiff contends that the opinion of Dr. Kirsch, who saw him eleven times over a three-year period, "could have certainly" been given controlling weight under 20 C.F.R. § 404.1527(d)(2) and should have at least been given special significance.  Itemized Statement at 8.  Controlling weight is given to a treating physician's opinion only when that opinion "on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  The administrative law judge found that Dr. Kirsch's

assessments are not consistent with objective findings in the medical records or with his own medical records.  His own records fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled.

Record at 21.  Specifically, the administrative law judge found Dr. Kirsch's physical assessment to be inconsistent with his office note of July 10, 2002 and rejected his mental assessment because Dr. Kirsch is a family practice physician rather than a mental health professional and because it was inconsistent with the medical evidence and the plaintiff's own testimony.  Record at 18.  This is sufficient reason to decline to give Dr. Kirsch's opinion controlling weight.  In addition, as set forth below, the opinions of Dr. Kirsch on which the plaintiff apparently relies are inconsistent with other medical evidence of record, so that the administrative law judge's rejection of those opinions finds substantial support in the record.  The applicable legal standard requires that the commissioner's decision be affirmed under such circumstances.

The plaintiff asserts that remand is required because the administrative law judge did not explicitly discuss each of the criteria set forth in 20 C.F.R. §404.1527(d)(2)(i) and (ii) when evaluating Dr. Kirsch's opinions.  Itemized Statement at 9-10.[2]  He contends that Social Security Ruling 96-2p requires this level of detail as well.  *Id*.  However, that Ruling only requires that an administrative law judge's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 115.  With respect to Dr. Kirsch's statement in August 2001 that "I think Casey is unable to hold down a job due to his severe hyperactivity at this time," Record at 321, the only opinion on an issue reserved to the commissioner cited by the plaintiff, Itemized Statement at 6, the administrative law judge's statement of his reasons for giving "very little weight" to all of Dr. Kirsch's assessments, Record at 21, is sufficient.  For the

---

[2] At oral argument, counsel for the plaintiff retreated from this argument, stating that he "doubted" that such specificity is required. (*continued on next page*)

assessments by Dr. Kirsch that did not address issues reserved to the commissioner, the plaintiff cites

no authority other than the Ruling for his argument.  My own research has located none.  Even if the

plaintiff's interpretation of the legal requirements were correct, in this case remanding for this purpose

would be an empty exercise.  The jobs on which the administrative law judge's conclusion is based

are consistent with the limitations expressed in Dr. Kirsch's opinions which are cited by the plaintiff.

The only opinions of Dr. Kirsch specified by the plaintiff, Itemized Statement at 7, that are

inconsistent with the residual functional capacity determined by the administrative law judge, Record

at 24, are the following: the plaintiff was limited to carrying 10 pounds regularly with occasional

lifting to 25 pounds (light exertional level); the plaintiff needed to interrupt sitting every thirty minutes;

the plaintiff could only stoop and kneel occasionally and reaching, pushing or pulling would cause

back pain.[3]  *Id.* at 379-80.  The administrative law judge assigned the plaintiff to the medium

exertional level (carrying up to 50 pounds occasionally and 25 pounds frequently; 20 C.F.R.

§§ 404.1567(c), 416.967(c)), requiring a break every two hours.  Record at 24.  He did not mention

the limitations on stooping or kneeling.  Each of the jobs which the vocational expert testified would

be available to the plaintiff was at the light exertional level, *id.* at 87-88, which is consistent with Dr.

Kirsch's lifting limitations, 20 C.F.R. §§ 404.1567(b), 416.927(b).  The vocational expert testified

that each of the jobs — flagger, janitor/cleaner and parking lot attendant — would allow for breaks

every two hours.   Record at 87.  Neither the flagger nor the janitor/cleaner position would require

sitting for more than a half hour at a time, and the parking lot attendant position would allow standing

at least as frequently as every half hour.  None of the three jobs requires more than occasional

stooping or kneeling. *See Dictionary of Occupational Titles* (U. S. Dep't of Labor, 4th ed. rev. 1991)

§§ 323.687-014 (cleaner, housekeeping), 372.667-022 (flagger) and 915.473-010 (parking-lot

---

Counsel continued to argue that the administrative law judge did not give good reasons for discounting Dr. Kirsch's opinions.

attendant).  Even if the administrative law judge erred in rejecting Dr. Kirsch's opinions with respect to the plaintiff's physical limitations, therefore, the error was harmless.

With respect to mental limitations, the plaintiff specifies the following findings from Dr. Kirsch: the plaintiff would be "[u]nable to meet competitive standards" in the areas of (i) "[r]emember work-like procedures," (ii) "[m]aintain attention for two hour segment," (iii) "[m]aintain regular attendance and be punctual within customary, usually strict tolerances," (iv) "[s]ustain an ordinary routine without special supervision," (v) "[w]ork in coordination with or proximity to others without being unduly distracted," (vi) "[c]omplete a normal workday and workweek without interruptions from psychologically based symptoms," (vii) "[a]ccept instructions and respond appropriately to criticism from supervisors," Record at 382;  the plaintiff had "[n]o useful ability to function" in the area of "[g]et along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes," *id*.; and the plaintiff "finds it difficult to stay on task and follow directions.  His failures makes [sic] anxiety worse," *id*. at 382-83.  The administrative law judge noted that Dr. Kirsch was not a mental health professional; he was a family practice physician.  *Id*. at 18.  The plaintiff asserts, without citation to authority, that the diagnosis of his mental impairment "was well founded" and therefore "the only issue was the relative severity of the disorder's symptoms, which are easily observable or discernable to a trained physician."  Itemized Statement at 9 n.20.[4]  This standard would allow the opinion of a general practitioner to override that of a specialist in almost every case, a result that is precluded by 20 C.F.R. §§ 404.1527(d)(5).

---

[3] Dr. Kirsch's observations regarding reaching, pushing or pulling may not reasonably be deemed to set limitations on those actions.

[4] At oral argument, counsel for the plaintiff asserted that ADHD, the mental impairment listed by the state-agency reviewer, Record at 362 and diagnosed (as "attention deficit disorder") by Dr. Kirsch, *id*. at 383, 389, is "one of the least psychiatric of the psychiatric illnesses," making the specialization of the physician diagnosing it irrelevant.  He offered no authority in support of this argument.  In the absence of such authority, this court cannot adopt such a conclusion.

The administrative law judge included two of these limitations in his residual functional capacity assessment — work that requires only occasional interaction with co-workers and allows a break every two hours (consistent with limitations (ii) and (v) above).  Record at 24.  With respect to the remaining listed limitations, there is contradictory medical evidence in the record.  There are two Psychiatric Review Technique Forms and two Mental Residual Functional Capacity Assessments completed by state-agency reviewers in the record.  Both reviewers are psychologists holding doctorate degrees.  *Id*. at 299, 362.  David R. Houston, Ph.D., completed the forms on November 18, 2001.  *Id*. at 299, 315.  Lewis F. Lester, Ph.D., completed the forms on May 20, 2002.  Id. at 362, 378. The hearing on the plaintiff's claim was held on April 2, 2003.  *Id*. at 30.  Both find that the plaintiff would have moderate difficulties in maintaining concentration, persistence or pace and in social functioning.  *Id*. at 309, 372.  Both found him not to be limited in carrying out very short and simple instructions and moderately limited in the ability to work in coordination with or in proximity to other without being distracted by them.  *Id*. at 313, 376.  Both found him not to be limited in  sustaining an ordinary routine without special supervision and moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  *Id*. at 313-14, 376-77.  The administrative law judge was entitled to adopt the limitations identified by these specialists instead of the limitations listed by the plaintiff's family practitioner.  The administrative law judge directed the vocational expert to consider Dr. Lester's limitations in responding to his hypothetical question, *id*. at 82-83, and his findings explicitly include three of Dr. Lester's limitations, *id*. at 24.  The administrative law judge did not err in giving less weight to Dr. Kirsch's opinions concerning the plaintiff's mental limitations than he did to those of Dr. Lester.

In a footnote, the plaintiff's statement of errors appears to suggest that the administrative law judge should have consulted a medical expert at the hearing and wrongly attempted to interpret raw medical data. Itemized Statement at 9 n.20. At oral argument, counsel for the plaintiff contended that the administrative law judge was interpreting raw medical data in a forbidden way when he made the statement that Dr. Kirsch's diagnosis of ADHD was not medically supported. He identified the "raw medical data" as the "abnormalities what would be expected in a person with ADHD." This position appears to be somewhat inconsistent with counsel's earlier assertions that the symptoms of ADHD would be readily observable as such to any physician. In any event, the administrative law judge in this case did not attempt to interpret raw medical data in reaching his conclusions about the plaintiff's mental impairments. Counsel also asserted at oral argument that he meant in footnote 19 to raise the argument that the administrative law judge should have consulted a medical expert. He provided no developed argument on this point, which accordingly has been waived. I do note, however, that the decision whether to consult a medical expert at the hearing is a matter that lies solely within the discretion of the administrative law judge. *Rodriguez Pagan v. Secretary of Health & Humans Servs.*, 819 F.2d 1, 5 (1st Cir. 1987).

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which* de novo *review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

**Failure to file a timely objection shall constitute a waiver of the right to _de novo_ review by the district court and to appeal the district court's order.**

Dated this 7th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge